IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRIAN KEITH McELROY,

    Petitioner,

v.                                        Case No. 1:22cv276-AW/MAF

MADISON TOWNSHIP POLICE
DEPARTMENT, et al.,

    Respondents.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

On October 20, 2022, Petitioner Brian Keith McElroy, a state pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He also filed a motion for leave to proceed in forma pauperis (IFP), although it is not on the proper form. ECF No. 2.

At the time he filed the § 2241 petition, from the information provided, McElroy was confined at the Brevard County Jail Complex, in the Middle District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(b). A review of his § 2241 petition indicated that he challenged extradition to Ohio state authorities in the Lake County Sheriff's Office and the Madison Township Police Department in Painesville, Ohio. ECF No. 1 at 2, 7. Lake County, Ohio, is located in the Northern District of Ohio. 28 U.S.C. § 115(a)(1). On

November 2, 2022, the undersigned entered a Report and Recommendation to transfer the petition to the Northern District of Ohio. ECF No. 4.

By order on January 17, 2023, the district judge rejected the Report and Recommendation, dismissed the petition, and allowed McElroy fourteen (14) days to submit an amended petition. ECF No. 7. That order was repeatedly mailed to the address provided by Petitioner McElroy; however, it was repeatedly returned to the Court with messages that it was not deliverable as addressed and unable to be forwarded. *See* ECF Nos. 8, 10, 11. Not surprisingly, McElroy has not filed an amended petition as directed.

In addition, McElroy has not filed any notice of change of address in this case. A search of the website for the Ohio Department of Corrections reveals McElroy is currently confined as number A801081 at the Belmont Correctional Institution, in St. Clairsville, Ohio, with an admission date of April 5, 2023. *See* https://appgateway.drc.ohio.gov/OffenderSearch. It thus appears any attempt by McElroy to challenge his extradition from Brevard County to Ohio is now moot.

Moreover, because McElroy has not filed a change of address, or anything else, in this case, it should now be dismissed for failure to prosecute. *See* R. Gov. § 2254 Cases 1(b), 12; Fed. R. Civ. P. 41(b); N.D.

Fla. R. 41.1. *See, e.g.*, Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."); Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Jones and explaining "[t]he court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute"); Turner v. McNeil, No. 4:22cv102-MW/HTC, 2022 WL 1308047, at *3 (N.D. Fla. Apr. 4, 2022) (Report and Recommendation to dismiss habeas petition citing Sanders, among other authorities, "because Petitioner has failed to comply with an order of the Court, failed to prosecute, and failed to keep the Court apprised of his address"), *adopted by order of district judge*, 2022 WL 1303333 (N.D. Fla. May 2, 2022). Notably, in at least one other pending case, an appeal to the United States Court of Appeals for the Sixth Circuit, McElroy did file a Notice of Change of Address on April 12, 2023, reflecting his transfer to the Ohio Department of Corrections. See McElroy v. City of Painesville, 6th Cir., No. 23-3174, ECF No. 15.

## ORDER

The Clerk of Court shall mail a copy of this Report and Recommendation, as well as the district judge's order, ECF No. 7, to

Petitioner Brian K. McElroy, number A801081, at the Belmont Correctional Institution, St. Clairsville, Ohio.  In addition, the Clerk of Court shall correct the cause on the docket to reflect this case is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2023.

>   S/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**